RECEIVED
IN LAKE CHARLES, LA.

NOV - 1 2013

TONY R. MOORE, CLERK
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NOS. 04-20115-04 |
| | * | 05-20080-01 |
| | * | |
| VERSUS | * | JUDGE MINALDI |
| | | |
| BLAKE KEITH LEWIS | * | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Presently before the court is the defendant's Motion to Vacate, Set Aside or Correct (Rec. Doc. 379) his Sentence Pursuant to 28 U.S.C. §2255. The Government has filed an Opposition (Rec. Doc. 400). No Reply was filed.

PROCEDURAL HISTORY[1]

On August 12, 2004, Blake Keith Lewis was charged in a Superseding Indictment with one count of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 371 (Count 1), and three counts of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 and 2 (Counts 2, 4, and 5). On April 26, 2005, Lewis was charged in a Bill of Information with two counts of using, carrying, possessing, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (C)(i) (Counts 1 and 2).

On May 3, 2005, Lewis pleaded guilty to the conspiracy count and one of the § 1951 counts contained in the Indictment, and the two § 924(c)(1) counts charged in the Bill of Information (Indictment Counts 1 and 5; Bill of Information Counts 1 and 2). (Rec. Doc. 143). (The government

---

[1] As provided by the Government.

is referring to documents from Criminal No. 04-20115).

On February 24, 2006, the Court sentenced Lewis to 60 months imprisonment on Count 1 of the Indictment, and 10 years (120 months) imprisonment on Count 5 of the Indictment, to be served concurrently. The Court further sentenced Lewis to serve 10 years (120 months) imprisonment as to Count 1 of the Bill of Information, and 30 years (360 months) imprisonment on Count 2 of the Bill of Information, both consecutive to each other and to the sentences imposed on Counts 1 and 5 of the Indictment. (Rec. Docs 236, 255). On December 12, 2007, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's sentence. The judgment was entered into the district court record on January 15, 2008. (Rec. Doc. 327).

## FACTS[2]

The defendant was involved in a series of armed robberies of truck stop casinos. On December 10, 2003, Blake Keith Lewis, Lindsay Freeman, and Nicholas Thomas entered the "Gold Mine Truck Stop Casino" in Eunice, Louisiana while Collins Ceasar remained outside in the car as a lookout. (PSR at ¶¶ 9, 10, 11). While either Thomas or Freeman carried a gun, Lewis and Freeman grabbed bags of money. (PSR at ¶ 9, 10, 11). The defendants stole $4,568.81 during that robbery. (PSR at ¶ 9).

On December 31, 2003, wearing masks and carrying guns, Lewis, Ceasar, Jimmy Lee Frank, Eric Vigers, Kevin Cooley, and Brandon Poullard entered the "Lucky Peacock Casino" in Vinton, Louisiana. (PSR at ¶¶ 16-19). Between $43,000 and $45,000 was taken during this robbery. (PSR at ¶¶ 17, 19).

On January 5, 2004, Frank, Ceasar, Lewis, and Poullard entered the Lucky Delta Casino in Vinton, Louisiana, again armed with guns. (PSR at ¶¶ 13, 14, 15). Poullard stood guard at the door,

---

[2] Facts as provided by the Government in the Opposition Brief, pp.3-4.

Ceasar held a gun on the employees, and Frank and Lewis grabbed some money. (PSR at ¶¶ 13, 15). As they were leaving the casino, the defendants spotted some police officers in marked cars in the parking lot. (PSR at ¶¶ 12, 13, 15). As the defendants attempted to flee the scene in a truck, the police gave chase, and gunfire was exchanged between the officers and the defendants during a high speed pursuit down Louisiana Highway 90. (PSR at ¶¶ 12, 13, 15). At one point, Lewis attempted to set a gas can on fire, then threw it at the police car, and also threw an air conditioner out of the back of the truck to impede the officers. (PSR at ¶ 13). Eventually, Ceasar, who was driving the truck, crashed it into a ditch, and the defendants attempted to escape on foot. (PSR at ¶¶ 12, 13, 15). Lewis was later apprehended in a wooded area nearby. (PSR at ¶ 12). Approximately $13,000 was stolen from the casino during this robbery. (PSR at ¶ 12).

In separate post-arrest interviews, some of Lewis' co-defendants implicated him in other casino armed robberies, including an October 27, 2003 incident in which $7,713.23 was stolen from "D.C.'s Sports Bar" in Eunice, Louisiana, a December 22, 2003 incident in which Lewis and the others attempted to rob the "Bayou Belle Truck Stop and Casino" in Henderson, Louisiana, but were unsuccessful in stealing any money, a December 23, 2003 incident in which $40,000 was stolen from the "Cajun Casino" in Broussard, Louisiana, and a December 28, 2003 incident in which $30,000 was stolen from the "Double Diamond Casino" in Lake Charles, Louisiana (PSR at ¶¶ 59-62).

## LAW

The defendant is seeking relief pursuant to *Miller v. Alabama*, --U.S.--, 132 S.Ct. 2455, 2460 (2012) which holds that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishment'." The government does not contest that *Miller* is retroactively applicable in a § 2255 motion. *Johnson v. United States*, 720 F.3d 720 (8th Cir. 2013) (*Miller* retroactively applicable so as to permit filing of

successive § 2255 motion).[3] *Miller*, can be distinguished from the case at bar because Lewis did not receive a sentence of mandatory life imprisonment and he is not serving a sentence for an offense involving the death of another person.

The defendant cites *Graham v. Florida*,–U.S.–, 130 S.CT. 2011 (2011)[4] in support of his argument. The court in *Graham* held that minors were generally less culpable than other classes of offenders. *See Graham*, 130 S.Ct. at 2026; *Roper v. Simmons*, 543 U.S. 551, 569, 125 S.Ct. 1183, 1195, 161 L.Ed.2d 1 (2005). In those decisions, the Court held that the Eighth Amendment prohibits capital punishment for minors, *Roper*, 543 U.S. at 578, 125 S.Ct. at 1200, and that the Eighth Amendment prohibits a sentence of life without the possibility of parole for a minor who had not committed a homicide offense, *Graham*, 130 S.Ct. at 2034.

*Graham* is not be applicable as Lewis was not sentenced life without the possibility of parole. He was sentenced to 500 months, however, and he argues that this is equivalent to a life sentence. The *United States Sentencing Guidelines Sourcebook of Federal Sentencing Statistics* states that 470 months is a life sentence. The Government argues that this figure is used for purely statistical reasons. There is no statutory definition quantifying a life sentence.

In *United States v. Walton*, No. 12-30401, 2013 WL 3855550 (5th Cir July 26, 2013), Walton raised several challenges to his 480–month sentence. Principally, Walton argued that his sentence violated the Eighth Amendment under the Supreme Court's decision in *Graham v. Florida, supra*, which prohibits imposition of life without parole on juveniles for crimes other than homicide, or

---

[3] The retroactivity of *Miller* is not a settled point of law. The 11th Circuit in *In re Morgan*, 13-1175, 713 F.3d 1365 (11th Cir. April 12, 2013) held that the rule announced in *Miller* is **not** retractive.

[4] The Government argues that the defendant had one year from *Graham* to seek relief under §2255, therefore any claim under *Graham* is untimely.

under *Miller v. Alabama*, 132 S.Ct. 2455 (2012), which prohibits the application of mandatory life-without-parole sentencing schemes to juvenile offenders. In *Walton*, the juvenile defendant had faced life imprisonment, but the court had varied downward and imposed a 480 month term of imprisonment. In *Graham*, the Supreme Court held that "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." 130 S.Ct. at 2034. *Miller*, meanwhile, "hold[s] that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 132 S.Ct. at 2469. The court held that neither holding applied to Walton's discretionary federal sentence for a term of years.

In the case at bar, the defendant's sentence was a "discretionary federal sentence for a term of years." The sentences as to Counts One and Five of the indictment were, respectively, 60 and 120 months to run concurrently with each other. The advisory guideline range for Counts One and Five of the indictment was 84 to 105 months. (PSR at ¶ 91). The sentences as to Counts One and Two of the bill of information were, respectively, 10 and 30 years to run consecutively to each other and to other sentences. The guideline ranges were the minimum required by statute no less than 7 years and no less than 25. (PSR at ¶ 91).

The Supreme Court in *Miller* held narrowly that the Eighth Amendment forbids a sentencing scheme mandating life imprisonment without the possibility of parole for juveniles. *Miller*, 132 S.Ct. at 2469. The Court stated that "a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles. By requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the mandatory sentencing schemes before us violate th[e] principle of proportionality, and so the Eighth Amendment's ban on[5]

---

[5] *Nolley v. State*, 2013 WL 3326796 (Tex. App. 4).

cruel and unusual punishment." *Id.* at 2475.

The Court *narrowly* tailored its holding to mandatory sentences of life imprisonment without the possibility of parole for juveniles. *Id.* at 2469. The Supreme Court did not categorically foreclose a sentencing court's ability to impose a judgment of life imprisonment on a juvenile without the possibility of parole in homicide cases, nor did it require that mitigating circumstances be considered for a sentence less severe than life without the possibility of parole as applied to a juvenile. *See Id.* at 2475. *Miller* does not support the argument that a mandatory sentence of life imprisonment with the possibility of parole is constitutionally impermissible.[6]

This court likewise declines to extend the ruling of *Miller*. The holding of *Miller* is limited to juveniles whose offense involved homicide and who received a mandatory life sentence without the possibility of future release. The defendant's §2255 will be denied.

Lake Charles, Louisiana, this 29 day of October 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[6] Several state and federal courts have declined to extend *Miller*. *See People v. Pacheco*, 991 N.E. 2d 896, 905 (Ill. App.4 Dist. June 24, 2013); *U.S. v. Nguyen*, 2013 WL 2151559 (E.D. Cal. May 16, 2013); *Falcon v. State*, 111 So. 3d 973 (Fla.App. 1 Dist. Apr 30, 2013); *Walling v. State*, 105 So.3d 660, 661 (Fla.App. 1 Dist. Jan 30, 2103).