UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:05-CR-20080-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BLAKE KEITH LEWIS (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion and Memoradum [sic] of Law in Support of Sentence Reduction Pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i)" (Doc. 50) filed by Defendant Blake Keith Lewis. Defendant Lewis is an inmate at U.S. P. Florence (a high security facility) who seeks compassionate release based on the length of the mandatory sentences he received for violations of 18 U.S.C. § 924(c) in relation to the terms that would be applied under current law. The Government opposes an early release due to the various § 3553(a) factors that weigh against the reduction requested.

## BACKGROUND

On August 12, 2004, Defendant Blake Keith Lewis, was charged in a Superseding Indictment with one count of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 371 (Count 1) and three counts of interference with commerce by robbery in violation of 18 U.S.C. § § 1951 and 2 (Counts 2,4, and 5, 2:05-cr-20115). On April 26, 2005, Defendant was charged by Bill of Information with two counts of using carrying, possessing, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § § 924(c)(1)(A)(ii) and (C)(i) (Counts 1 and 2, 2:05-cr-200115).

Defendant pleaded guilty to the conspiracy count and one of the § 1951 counts contained in the Indictment, and the two § 924(c)(1) counts charged in the Bill of Information. The convictions on counts 1 and 2 of the Bill of Information mandated consecutive terms of imprisonment of not less than 7 years and 25 years, respectively for those counts.[1]

Due to the seriousness of the crimes[2] and Defendant's criminal history, the district court issued a written notice advising Defendant that it might consider an upward departure on the grounds that the advisory guideline range "may not adequately reflect the seriousness of the offense or the seriousness of the defendant's criminal history."[3] Subsequently, the district court sentenced Defendant to 60 months imprisonment on count 1 of the Indictment, 10 years imprisonment on count 5 of the Indictment, to be served concurrently,[4] and 10 years imprisonment as to Count 1 of the Bill of Information and 30 years imprisonment as to Count 2 of the Bill of Information, both to be served consecutively.[5]

## LAW AND ANALYSIS

Defendant argues that the changes to 18 U.S.C. § 3582(C)(1)(A)(i) made by the First Step Act have vested this Court with authority to identify the extraordinary and compelling circumstances that may warrant a sentence reduction.

---

[1] PSR at ¶ 90, 91.
[2] In post-arrest interviews, some of the Defendant's co-participants implicated Defendant in numerous other armed robberies. PSR at ¶ ¶ 59-62.
[3] Doc. 100, 2:04-cr-20115.
[4] Doc. 108, 112, 2:04-cr-20115.
[5] Doc. 108, 112, 2:04-cr-20115.

*The First Step Act*

At the time of the Defendant's conviction, 18 U.S.C. § 924(c) imposed 25-year consecutive sentences for all but a defendant's first count of conviction, even if the defendant obtained all of his § 924(c) convictions as a result of a single indictment. See 18 U.S.C. § 924(c)(1)(C)(i) (2005). In 2018, Congress passed the First Step Act, which amended § 924(c) to require that a defendant's first § 924(c) conviction be "final" before the enhanced 25-year consecutive minimum sentence applied to any additional § 924(c) convictions. See First Step Act of 2018, Pub. L. 115-391,132 Stat. 5222, § 403 ("In the case of a violation of [§ 924(c)] that occurs after a prior conviction under this subsection has become final, the person shall – (i) be sentenced to a term of imprisonment of not less than 25 years. . . ."

Consequently, the First Step Act's amendment removed the possibility of a defendant receiving an enhanced 25-year consecutive sentence without already having obtained a § 924(c) conviction from a previous case. Significantly, the First Step Act did not make this change retroactive; Congress expressly stated that the changes to § 924(c) applied only prospectively and therefore did not affect any already-imposed sentences. See First Step act, § 403(b) ("This section, and the amendments made by this section, shall apply to any offense that as committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.")

*Compassionate Release after the First Step Act*

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825

(2010). Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided

in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement."[6] U.S.S.G. § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The application note also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

---

[6] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 35829c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[7] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified: serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which, as amended by the First Step Act, permits a court to reduce a sentence upon a showing of "extraordinary and compelling reasons." Defendant does not assert illness, advanced age, or other unique personal or familial obligations to justify early release.  Instead, he relies on the First Step Act's recent amendment to § 924(c)'s penalty provisions, and urges that the disparity between his current sentence and the minimum sentence he would be eligible for if convicted today justifies compassionate release. In other words, the disparity between his current sentence and a sentence imposed on similar defendants after the First Step Act's

---

[7] Available at https://www.bop.gov/policy/progstat/5050_50EN.pdf .

passage, is an "extraordinary and compelling reason" which warrants a reduction in his sentence pursuant to 18 U.S.C. § 3582.

First, Defendant has not exhausted his administrative remedies. Defendant has not provided any evidence that he has sought through the BOP a request for early compassionate release. The Government asserts that it contacted the BOP to conduct a review of Defendant's record. The BOP confirmed that Defendant had not filed a request seeking compassionate release as mandated by statute. *United States v. Franco,* 973 F.3d 465 (5th Cir. 2020). For this reason alone, the Court will not grant Defendant's Motion for Compassionate Release.

Even if Defendant has exhausted his administrative remedies, the Court finds no compelling reason to grant Defendant's Motion for Compassionate release. In his motion, Defendant asks the Court to find that his "stacked" sentences under § 924(c) constitute an extraordinary and compelling reason for sentence reduction. However, Congress has expressly rejected the notion that defendants already serving sentences based on § 924(c)'s "stacked" penalty provisions should benefit from the First Step Act's changes to the law. See First Step Act § 403(b) (stating that § 924(c)'s amended penalties apply only prospectively—that is, "if a sentence for the offense has not been imposed as of such date of [the First Step Act's] enactment'—and thus do not apply to defendants already serving sentences under the former version of § 924(c)).

Accordingly, there is no statutory bases for the Defendant's suggestion that, merely by allowing defendants to file their own motions for compassionate release via 18 U.S.C. § 3582(c)(1)(A), Congress intended to alter the scope of appropriate compassionate release

consideration to include sentencing inequities based on the First Step Act's change to § 924(c)'s penalty provisions.

*18 U.S.C. § 3553(a) factors*

The Court further finds that considering the § 3553(a) factors, Defendant's motion for compassionate release must be denied. Defendant maintains that he is a good candidate for release. This Court strongly disagrees. The § 3553(a) factors require the Court to consider Defendant's history and characteristics, the need to protect the public, and the need to deter future violations. 18 U.S.C. § 3553(a)(1) and (a)(2)(B) and (C) weigh heavily against release.

The Government has filed under seal Defendant's custodial record which reveals that since his incarceration, Defendant has been disciplined no fewer than six (6) times for possessing a dangerous weapon.[8] Each one of these infractions is a 100-level offense, the BOP's most serious offense designation. This alone warns this Court that Defendant has not been rehabilitated and is a danger to the community.

Defendant's PSR reveals a criminal history that cautions against a reduction in sentence. Defendant's criminal history score was 7, and his Criminal History Category was IV.[9] In addition, the Court has considered Defendant's offenses of conviction. See 18 U.S.C. § 3582(a). Defendant is a repeated violent offender who actively conspired in and perpetrated a string of armed robberies in which innocent and unsuspecting victims were

---

[8] Government exhibit A.

[9] PSR, at ¶ ¶ 63-75.

placed in fear for their lives. Each of the known robberies involved participants with firearms threatening death or serious injury, and also included Defendant throwing flaming objects at law enforcement officer during their pursuit.[10]

## CONCLUSION

For the reasons articulated herein, the Court finds that Defendant Blake K. Lewis has failed to show extraordinary and compelling reasons for relief and the § 3553(a) factors render Defendant an unsuitable candidate for release. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 3rd day of August, 2021.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[10] PSR, at ¶ ¶ 12, 13,15.