UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 2:05-CR-20080-01 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| BLAKE KEITH LEWIS (01) | RETIRED MAG JDG JRS KAY |

# MEMORANDUM ORDER

Before the Court is a "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)" (Doc. 64) filed by Defendant Blake Keith Lewis.

## BACKGROUND

On August 12, 2004, Defendant Blake Keith Lewis, was charged in a Superseding Indictment with one count of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 371 (Count 1) and three counts of interference with commerce by robbery in violation of 18 U.S.C. § § 1951 and 2 (Counts 2,4, and 5, 2:05-cr-20115). On April 26, 2005, Defendant was charged by Bill of Information with two counts of using carrying, possessing, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § § 924(c)(1)(A)(ii) and (C)(i) (Counts 1 and 2, 2:05-cr-200115).

Defendant pleaded guilty to the conspiracy count and one of the § 1951 counts contained in the Indictment, and the two § 924(c)(1) counts charged in the Bill of Information. The convictions on counts 1 and 2 of the Bill of Information mandated

consecutive terms of imprisonment of not less than 7 years and 25 years, respectively for those counts.[1]

Due to the seriousness of the crimes[2] and Defendant's criminal history, the district court issued a written notice advising Defendant that it might consider an upward departure on the grounds that the advisory guideline range "may not adequately reflect the seriousness of the offense or the seriousness of the defendant's criminal history."[3] Subsequently, the district court sentenced Defendant to 60 months imprisonment on count 1 of the Indictment, 10 years imprisonment on count 5 of the Indictment, to be served concurrently,[4] and 10 years imprisonment as to Count 1 of the Bill of Information and 30 years imprisonment as to Count 2 of the Bill of Information, both to be served consecutively.[5] Defendant's approximate release date is 9/7/2048.[6]

On June 11, 2021, Defendant filed a Motion for Compassionate Release, which the Government opposed. This Court found that the First Step Act's changes to the "stacking" provision of § 924(c) were not retroactive.[7] The Court also analyzed the § 3553(a) sentencing factors and denied Defendant's Motion based on the offense conduct itself, Defendant's criminal record prior to the offense conduct, and Defendant's disciplinary record since his incarceration began.[8]

---

[1] PSR, ¶ ¶ 90-91.
[2] In post-arrest interviews, some of Defendants' co-participants implicated Defendant in numerous other armed robberies. PSR, ¶ ¶ 59-62.
[3] Doc 100, 2:04-20115.
[4] Doc. 108, 112, 2:0420015.
[5] *Id.*
[6] Doc. 64, p.2.
[7] Doc. 57, p. 7.
[8] *Id.* pp. 8-9.

**LAW AND ANALYSIS**

In the instant motion Defendant again complains of his "unusually long sentence." Defendant argues that his long sentence should be reduced because of his youth at the time of the offense, and his efforts at rehabilitation. Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which, as amended by the First Step Act, permits a court to reduce a sentence upon a showing of "extraordinary and compelling reasons."

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010). Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First

Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement."6 U.S.S.G. § 1B1.13.

As noted by the Government, Defendant has not exhausted his administrative remedies. Defendant has not provided any evidence that he has sought a request for early compassionate release through the BOP. The Government asserts that it contacted the BOP to conduct a review of Defendant's record. The BOP informs the Court confirmed that Defendant had not filed a request seeking compassionate release as mandated by statute. *United States v. Franco,* 973 F.3d 465 (5th Cir. 2020). As such, and on that basis alone, the Court will deny Defendant's motion.

Additionally, even if Defendant had exhausted his administrative remedies, the Court would deny Defendant's motion because Defendant has provided the Court with no compelling reason to grant Defendant's request. First, there is no statutory basis to grant Defendant's request. Furthermore, Defendant has failed to persuade the Court of his rehabilitative efforts based on his disciplinary record both before and after he filed his last

Motion for Compassionate Release. As noted by the Government, Defendant's disciplinary record after the first motion was denied in August of 2021, reflects the following: In September of 2022, the defendant was disciplined for possessing a dangerous weapon, a 100-level offense;[9] in 2023, Defendant was disciplined for use of drugs or alcohol, another 100-level offense and assault without serious injury, a 200-level offense;[10] in 2024 and again in 2025, the defendant was again disciplined for use of drugs or alcohol;[11] and, as recently as January 27, 2026, Defendant was disciplined for fighting, a 200-level offense.[12] Considering the § 3553(a) factors, Defendant has failed to persuade this Court that he is not a danger to the community. The Court also notes that Defendant's criminal history and the nature and circumstances of the underlying offenses certainly militate against an early release. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 64) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 5th day of October, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

[9] Gov. Ex. A, p. 2
[10] *Id.*
[11] *Id.* p. 1.
[12] *Id.*